1   ANNE M. CAPPELLA (Bar No. 181402)
    (anne.cappella@weil.com)
2   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
3   Redwood Shores, CA 94065
    Telephone: (650) 802-3141
4   Facsimile: (650) 802-3100

5   Attorney for Movant
    APPLE INC.

**Filed**

JAN 2 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7

8   **IN THE UNITED STATES DISTRICT COURT**

E-filing   **FOR THE NOTHERN DISTRICT OF CALIFORNIA**

9

**SAN JOSE DIVISION**

**ORIGINAL
LHK**

10  APPLE INC.,                          Case No. CV 13 80019 MISC

11                                        PSG
              Movant,          **NOTICE OF MOTION, MOTION TO
12                              COMPEL COMPLIANCE WITH A
        v.                      SUBPOENA**
13
    GOOGLE INC.,                [Consolidated Civil Action Case Nos. 1:12-cv-
14                              23580-RNS and 1:12-cv-20271-RNS
              Respondent.       U.S.D.C. S.D. FL.]
15
16                              Hearing:  To Be Set
                                Time:     To Be Set

17        NOTICE is hereby given of the filing of this motion pursuant to Rules 37(a) and

18  45(c)(2)(B)(i) of the Federal Rules of Civil Procedure and Civil Local Rule 7 by Anne M.

19  Cappella, on behalf of Apple, Inc. ("Apple").   This motion seeks to compel Google Inc.

20  ("Google") to comply with the August 27, 2012 subpoena issued to it from this Court ("the

21  Subpoena"). Pursuant to Civil Local Rule 37-1(a), the undersigned represents that counsel for

22  Apple has previously attempted to confer with counsel for Google for the purpose of attempting

23  to resolve the issues addressed in this motion, but that, after conferring, Google has failed to

24  fully comply with the Subpoena. In support of its motion, Apple is also filing the Declaration of

25  Robert T. Vlasis, with exhibits attached. The date and time of the hearing on this motion have

26  yet to be set.

27        This motion respectfully requests an order from this Court compelling Google to fully

28

APPLE'S NOTICE OF MOTION AND MOTION TO COMPEL          1          CASE NO. _____
COMPLIANCE WITH A SUBPOENA

comply with the Subpoena. The anticipated discovery would assist Apple in the preparation of its case in *Motorola Mobility, LLC v. Apple Inc.*, Consolidated Case Nos. 1:12-cv-23580-RNS and 1:12-cv-20271-RNS (S.D. Fla.). In that suit, Motorola Mobility, LLC ("Motorola")—a wholly-owned subsidiary of Google—has accused Apple of infringing several of its patents, and Apple has counterclaimed, asserting several of its own patents against Motorola. Apple alleges that seven of its patents are infringed by Motorola's mobile phones and tablets that perform specific functionalities or features enabled, executed, or supported by Google's Android mobile operating system and related proprietary software applications. *See* Vlasis Decl. at ¶ 12, Exh. J. Such features concern, for example, Google Maps, the Android Market and Google Play stores, notifications, text input autocorrection, and unlocking the phone by performing a sliding gesture on the touchscreen. *See id.* Additionally, Apple alleges that three of its patents are infringed by Motorola's set-top box products. *See id.* In a recent turn of events, Google announced the sale of Motorola's set-top box division to Arris Group, Inc. on December 19, 2012. *See, e.g.*, Press Release, ARRIS to Acquire Motorola Home Business for $2.35 Billion In Cash And Stock (Dec. 19, 2012) (attached hereto as Exh. 1). Apple's Subpoena to Google concerns these issues and Google's noncompliance impairs Apple's ability to develop its infringement and damages case against Motorola.

## I.    INTRODUCTION

This is not your typical motion to compel compliance with a subpoena and Google is not your typical third party. Google is the parent company of Motorola, the defendant and counterclaimant in the litigation underlying this motion. Further, Google's Android operating system forms the crux of Apple's infringement case against many of Motorola's accused products. In fact, even before Google's acquisition of Motorola was final, Google demanded the right to control Motorola's litigations against Apple. *See, e.g.*, Agreement of Plan of Merger By and Among Google Inc., Inc. and Motorola Mobility Holdings, Inc. at § 5.01(v) (Form 8-K, Ex-2.1) (Aug. 15, 2011). Indeed, Google and Motorola are even represented by the same law firm in Motorola's various litigations against Apple across the country. Similarly, Google has

1    announced that it is selling Motorola's set top box business to ARRIS and granting ARRIS a

2    license to its patent portfolio. *See* Press Release, ARRIS to Acquire Motorola Home Business for

3    $2.35 Billion In Cash And Stock (Dec. 19, 2012) (attached hereto as Exh. 1). Many of Apple's

4    patents at issue are directed to that portion of Motorola's business and the acquisition clearly

5    includes relevant information to the valuation of Motorola's patent portfolio that it licensed as

6    part of the deal.

7        Despite Google's central role in the Motorola business at issue in these litigations and the

8    undeniable relevance of the information it possesses, Google has repeatedly attempted to resist

9    discovery and still has not provided numerous categories of requested information in the current

10   litigation in Florida.  Time and again, Google has forced Apple to seek the Court's assistance

11   rather than turn over the requested discovery and its prior attempts to thwart discovery have not

12   been well received. *See Apple Inc. et al. v. Motorola, Inc. et al.*, No. 1:11-cv-08540 at 1 (N.D.

13   Ill. Feb. 21, 2012) ("Motorola shall be expected to obtain full and immediate compliance by

14   Google with Apple's liability discovery demands.") (attached hereto as Exh. 2); *Apple Inc. et al.

15   v. Motorola, Inc. et al.*, No. 1:11-cv-08540 at 1 (N.D. Ill. Mar. 5, 2012)] (granting Apple's

16   motion to compel Google discovery) (attached hereto as Exh. 3).

17       Undeterred, Google is yet again attempting to block discovery into crucial aspects of this

18   case.  Over four months have passed since Apple's Subpoena, but to date Google has only

19   produced a limited subset of documents partially responsive to some documents requests and has

20   completely failed to provide any documents responsive to the majority of document requests.

21   Google has failed to do so despite (i) Apple's multiple requests to Google that it comply with the

22   Subpoena, (ii) Apple's efforts to assist Google in complying with the Subpoena by providing

23   Google with detailed information regarding the claims at issue; (iii) Google's own agreement to

24   comply with the Subpoena by November 1 or shortly thereafter; and (iv) Google's subsequent

25   agreement to comply with the Subpoena promptly upon entry of an amended protective order,

26   which was entered on November 28, 2012.

27       Apple can wait no longer for this crucial discovery.  Google's undue delay, broken

28

APPLE'S NOTICE OF MOTION AND MOTION TO COMPEL        3        CASE NO. _____
COMPLIANCE WITH A SUBPOENA

1  promises, and failure to assure timely and fully responsive document productions have and

2  continue to prejudice Apple.  Accordingly, Apple respectfully requests that this Court order

3  Google to promptly produce documents and designate witnesses in response to Apple's

4  Subpoena.

5  **II.    STATEMENT OF RELEVANT FACTS**

6      On August 27, 2012, Apple served Google with a duly issued Subpoena.  *See* Vlasis

7  Decl. at ¶ 2; Exh. A.  Apple's Subpoena set forth various document requests and topics for

8  deposition testimony concerning the accused features of the Android operating system, such as:

> 11. Any design specifications supplied by Google to Motorola for any hardware or Software aspects of any Motorola Accused Mobile Devices or any Motorola Accused Set-Top Box Devices.

> 16. Documents and Things sufficient to fully describe the development, use, and implementation of all process(es) and/or functionality(ies) in the Android Platform for locking and unlocking the touchscreen, including but not limited to gesture-to-unlock functionalities.

> 36. Any studies, analyses, investigations, or inquiries regarding customer demand for or value ascribed to any Android device unlock feature, any Android text autocorrect feature, the Android Toast class, or the Google Maps, Places, Play Store, or Android Market applications.

> 43. All Documents or Things comprising, or referring or relating to, comparisons between any feature of Android, or any Motorola Accused Mobile Device, or any Android-based products, to any iPhone, iPad, iPod Touch, or to the iOS operating system, including comparisons relating to the unlocking or text autocorrect or autocomplete features of such devices, the Android Toast class, or the Google Play Store, or Android Market applications.

> 47. All documents relating to the revenue generated from or profits or losses associated with the Google Map, Places, and Plus applications, including any documents relating to business strategies, projections, analyses or forecasts relating to revenue or profitability associated with such applications as well as any documents specifically relating to the portions of any revenues, profits, or losses associated with the use of these applications on any Motorola Accused Mobile Device.

> 53. Documents and Things sufficient to show the amount of investment that Google has made for the development, use, and implementation of the Android unlock feature, any Android text autocorrect or autocomplete feature, the Android Toast class, or the Google Maps, Places, Plus, Play Store, or Android Market applications.

> 57. All communications with third parties, including but not limited to Motorola (or anyone acting on behalf of Motorola), relating to the purchase, acquisition, negotiation for, and/or value of Motorola Mobility Holdings or any portion or assets thereof.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

63.  All communications and documents relating to Google's post-merger plans and strategies for the business, assets, and intellectual property of Motorola and/or Motorola Mobility Holdings.

Google served its objections and responses thereto on September 12, 2012, indicating that it would not designate any witness for the vast majority of deposition topics nor provide documents responsive to nearly all of the documents requests. *See* Vlasis Decl. at ¶¶ 3, 4; Exhs. B, C. Apple and Google then met-and-conferred on September 18, and Apple agreed to provide Google with a description of the asserted patents and accused functionalities to aid in Google's production. *See* Vlasis Decl. at ¶¶ 5-6; Exh. D.  On September 28, Apple tendered a detailed lettered to Google with descriptions of the accused functionalities and a list of focused document requests to assist Google in complying with the Subpoena.  Apple also requested that Google identify a date certain by which it would begin its production and designate witnesses. *See* Vlasis Decl. at ¶ 7; Exh. E.  Having heard no response, on October 8, Apple again prompted Google to identify a date certain by which it would begin productions and identify witnesses. *See* Vlasis Decl. at ¶ 8; Exh. F.  Google finally responded on October 12, indicating that it would comply with the Subpoena and even stating that it had already begun its document collection and review. *See* Vlasis Decl. at ¶ 9; Exh. G.  Google did not, however, provide a date by which its productions would begin but instead concluded that because "[f]act discovery in this action doesn't close until July 5, 2013 ... there is no time pressure." *Id.*  Apple responded on October 18, explaining the need for Google's prompt compliance with the Subpoena, in particular because Google's delayed discovery was prejudicing Apple's ability to use relevant information in its infringement contentions due November 7. *See* Vlasis Decl. at ¶ 10; Exh. H.  Accordingly, Apple requested that Google commence productions no later than November 1, 2012. *Id.*

On October 25, Google responded by stating that it likely would not produce any documents by November 1, but that in any event, Google should be able to commence its production "shortly thereafter." *See* Vlasis Decl. at ¶ 11; Exh. I.  Two and half weeks after this promise, the deadline for exchanging infringement contentions with Motorola had passed, and Google still had not provided any discovery.  As a result, Apple was unable to identify any

1  source code or provide much detail about the Android operating system and related applications

2  in its infringement contentions. *See* Vlasis Decl. at ¶ 12; Exh. J. In other words, Apple had to

3  rely primarily on publicly available information about the accused features and functionalities in

4  support of its infringement theories. Apple thus notified Google that it intended to seek judicial

5  relief if substantial document productions were not made by November 30. *See* Vlasis Decl. at ¶

6  13; Exh. K.

7        On November 19, Google for the first time indicated to Apple that it could not begin

8  document productions until the protective order in the underlying litigation with Motorola was

9  amended according to Google's proposed changes. *See* Vlasis Decl. at ¶ 14; Exh. L; *see also*

10  Vlasis Decl. at ¶¶ 16, 17; Exhs. N-1, O (November 27th letter from Google's counsel stating that

11  "Google will commence its production ... promptly upon the Court's entry of our agreed

12  order."). Although Apple did not agree with the full scope of Google's proposed changes, Apple

13  did not oppose amending the protective order so as not to further delay Google's productions.

14  *See* Vlasis Decl. at ¶ 15; Exh. M. Accordingly, the motion to amend the protective order was

15  filed on November 26 and granted by the Court the following day. *See* Vlasis Decl. at ¶¶ 16, 18;

16  Exhs. N, N-1, P. Immediately thereafter, Apple provided Google with notice of the Court's

17  order to ensure that Google's production would go forward by November 30. *See* Vlasis Decl. at

18  ¶ 19; Exh. Q.

19        Though Google did make available certain source code from its Android software on

20  November 29, Google did not produce a single document or designate any witnesses for

21  deposition. *See* Vlasis Decl. at ¶ 20; Exh. R. Apple therefore requested that Google comply

22  with its discovery obligations yet again by making document productions no later than 5:00 PM

23  on December 7. *See id.*

24        Finally, on December 7, Google produced some of the requested documents. *See* Vlasis

25  Dec. at ¶ 22; Exh. S. Unfortunately, this production fell far short of meeting Google's discovery

26  obligations. Google's meager production consisted almost entirely of emails among Google

27  employees and only a handful of non-email documents, many of which were identical.

28

1   Moreover, this limited production was not at all responsive to the majority of document request

2   categories listed in the Subpoena.

3   **III.   ARGUMENT**

4   Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is

5   relevant to the claim or defense of any party...." FED. R. CIV. P. 26(b)(1).  The information

6   requested by the Subpoena is unquestionably relevant to Apple's infringement allegations.

7   Apple has accused Motorola of making, using and selling forty-three different mobile device

8   products that are all designed around and enabled by the Android operating system and

9   associated application software.  Google designs and develops this Android software, which

10  performs, supports or enables all of features that Apple has specifically accused of infringement.

11  *See* Vlasis Decl. at ¶ 12, Exh. J.  For instance, these features include the ability to slide one's

12  finger across the screen to unlock the phone, the display of notifications on the screen, a user

13  interface for managing phone calls, the ability to purchase applications via an application

14  management interface, text input autocorrection, and the provision of geographic location-based

15  search results, among other accused features.  Given the materiality of this information, such

16  features are explicitly referenced in the Subpoena's discovery requests. *See* Vlasis Decl. at ¶ 2;

17  Exh. A.

18  Additionally, Google's purchase of Motorola Mobility, LLC and its eventual sell-off of

19  the set-top box division are clearly relevant to Apple's damages case.  Any negotiations,

20  analyses, agreements, or spreadsheets concerning the value of the set-top box division or the

21  value of Motorola's smart phone and tablet business, for instance, would be relevant to show the

22  value, popularity, profitability and commercial success of the accused products as well as

23  information relating to any convoyed sales. *See, e.g., Georgia-Pacific Corp. v. United States*

24  *Plywood Corp.*, 318 F.Supp. 1116 (S.D.N.Y. 1970).  Google's purchase of Motorola Mobility

25  and its subsequent agreement to sell the set-top box division also included the transfer and

26  license of patents. *See* Google Inc., Quarterly Report at 20 (Form 10-Q) (Jul. 24, 2012) ("Of the

27  $12.4 billion total purchase price ... $5.5 billion was attributed to patents and developed

28

1  technology ....") (attached hereto as Exh. 4); Press Release, ARRIS to Acquire Motorola Home

2  Business for $2.35 Billion In Cash And Stock (Dec. 19, 2012) ("The transaction will ... provide

3  [to ARRIS] a license to a wide array of Motorola Mobility patents.") (attached hereto as Exh. 1).

4  The negotiations and valuations concerning these patents are highly relevant to a comparative

5  royalty analysis, particularly with regard to the set-top box patents licensed to ARRIS. *See*

6  *Georgia-Pacific Corp.*, 318 F.Supp. at 1120.

7      Regardless of these points, the scope and relevance of the requested discovery is

8  undisputed and therefore not an issue. The parties have met-and-conferred and resolved

9  Google's objections to Apple's Subpoena, as indicated by Google's agreement to comply with its

10  discovery obligations. *See* Vlasis Decl. at ¶¶ 2-9; Exhs. A-G. Nonetheless, Google continues to

11  unreasonably delay its production of documents and witnesses, in spite having repeatedly (albeit

12  falsely) assuring Apple that it would meet deadlines which have come and gone. *See* Vlasis

13  Decl. at ¶¶ 11, 13,, 16-19; Exhs. I, K, N-Q.

14      These delays have already prejudiced Apple. For example, Apple relied on Google's

15  affirmation that it would either produce responsive documents on November 1 or "shortly

16  thereafter" so that Apple could use such relevant information in its infringement contentions due

17  November 7. *See* Vlasis Decl. at ¶¶ 10-11; Exhs. H, I. But, Google did not produce any

18  documents within that timeframe. Google instead waited nearly three weeks to inform Apple

19  that an amendment to the protective order was required before any productions could begin. *See*

20  Vlasis Decl. at ¶ 14; Exh. L. Although Google has since made certain Android source code and

21  a limited document production available, these productions did not arrive in time for the

22  infringement contentions deadline and did not include the vast majority of discovery that Apple

23  requested. *See* Vlasis Decl. at ¶ 20, 22; Exhs. R, S.

24      Moreover, Google's delays will continue to prejudice Apple as this case moves forward.

25  In one regard, Google's continued noncompliance limits Apple's ability to sufficiently conduct

26  necessary discovery from Google. For instance, Apple will have to review Google's production

27  and determine whether the produced documents fully comply with the scope of the requested

28

1    information or whether further discovery requests are needed. This process could be particularly

2    prolonged if Apple and Google need to settle any disputes concerning the extent of information

3    that must be produced. Additionally, Apple will need time to meaningfully review the

4    documents produced by Google before it can begin taking depositions of Google's Rule 30(b)(6)

5    witnesses. In another regard, Google's delays prejudice Apple's discovery efforts with

6    Motorola. Much of the information sought by the Subpoena will likely require further discovery

7    from Motorola, either though pertinent document requests or depositions of Motorola employees.

8         The prospect of ongoing prejudice is exacerbated by the fact that Google's delays are

9    unjustified and unexplained. Google has been on notice for over four months to provide the

10   requested discovery and yet it has not provided any documents at all responsive to thirty-five of

11   the sixty-three document requests included in the Subpoena. As discussed above, these requests

12   concern highly relevant issues material to Apple's damages and infringement case. Further, this

13   prejudice remains despite Google's sole December 7 document production, which cannot

14   reasonably be seen as Google meeting its discovery obligations. Of those documents that have

15   been produced, the range of relevant information conveyed, while being somewhat responsive to

16   a portion of the document requests, is extremely narrow in scope. To illustrate, Google's

17   December 7 production consisted almost entirely of emails of Google employees concerning

18   "bugs" and other technical issues related to (but do not sufficiently describe) relevant features of

19   the Android operating system. While partially responsive to Document Requests 16 through 41,

20   these emails are not stand-alone documents, slides, or spreadsheets that include product/feature

21   proposals, plans and evaluations, meeting minutes and slides, market/consumer studies, testing

22   or other similar responsive subject matter. Rather, the produced emails, many of which are the

23   same email or email chain[1], represent only a small subset of the universe of relevant documents

24   responsive to the Subpoena. Although Google's December 7 production does include a handful

25   of non-email documents, such documents are few and address only a portion of the scope of

26

27

28
_____

[1] In one instance, at least forty-five versions of the same email chain were produced, making up almost a sixth of all the emails in the December 7 production.

1 | Document Requests 16 through 41.[2]

2 |       Apple can no longer accommodate Google's unreasonable delays and failures to produce

3 | requested discovery. After four months, Google should have already produced meaningful

4 | documents responsive to all of the document requests in the Subpoena. Regardless of Google's

5 | motive for delaying production, it should not be permitted to further prolong its deficient

6 | participation in the discovery process at Apple's expense. *See Apple Inc. v. Samsung Elecs. Co.*,

7 | 2012 U.S. Dist. LEXIS 62947 (N.D. Cal. May 4, 2012) (granting-in-part motion to compel

8 | Google's compliance with subpoena).

9 | **IV. CONCLUSION**

10 |       Because Google's failure to comply with its discovery obligations has prejudiced and

11 | continues to prejudice Apple's ability to develop its case, and because Apple can no longer rely

12 | on Google's assurances to produce documents and provide witnesses by the requested deadlines,

13 | Apple respectfully requests that this Court grant Apple's motion to compel Google's compliance

14 | with the Subpoena.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] As with the produced emails, many of the non-email documents are identical.

Dated: January 28, 2013

Respectfully submitted,

ANNE M. CAPPELLA (Bar No. 181402)
(anne.cappella@weil.com)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3141
Facsimile: (650) 802-3100
*Of Counsel:*

Mark G. Davis
(mark.davis@weil.com)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Kenneth H. Bridges
(kbridges@bridgesmav.com)
Michael T. Pieja
(mpieja@bridgesmav.com)
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real, 2nd Floor
Palo Alto, CA 94306
Telephone: (650) 804-7800
Facsimile: (650) 852-9224

Matthew D. Powers
(Matthew.Powers@tensegritylawgroup.com)
Steven Cherensky
(Steven.Cherensky@tensegritylawgroup.com)
TENSEGRITY LAW GROUP LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Facsimile: (650) 802-6001

***Attorneys for Apple Inc.***

1

**PROOF OF SERVICE**

2     I am a citizen of the United States, more than 18 years old, and not a party to this

3   action. My place of employment and business address is 201 Redwood Shores Parkway,

4   Redwood Shores, California 94065. On January 28, 2013, I caused a copy of:

5   **NOTICE OF MOTION, MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

6   **DECLARATION OF ROBERT T. VLASIS IN SUPPORT APPLE'S MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA**

7

8   to be served as follows:

9     [ XX ] **BY ELECTRONIC SERVICE** I am readily familiar with the business

10  practice at my place of business for electronically mailing a true and correct copy through Weil, Gotshal & Manges, LLP's electronic mail system to the e-mail address(es) set forth below, or as

11  stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6.

12  Edward M. Mullins                              Raymond N. Nimrod
    emullins@astidavis.com                         raynimrod@quinnemanuel.com
13  ASTIGARRAGA DAVIS MULLINS & GROSSMAN,           Edward J. DeFranco
    P.A.                                           eddefranco@quinnemanuel.com
14  701 Brickell Avenue, 16th Floor                QUINN EMANUEL URQUHART & SULLIVAN,
    Miami, FL 33131                                LLP
15                                                 51 Madison Avenue, 22nd Floor
                                                   New York, NY 10010
16

17  Matthew Warren                                 David A. Nelson
    matthewwarren@quinnemanuel.com                 davenelson@quinnemanuel.com
18  Charles K. Verhoeven                           QUINN EMANUEL URQUHART & SULLIVAN,
    charlesverhoeven@quinnemanuel.com              LLP
19  David A. Perlson                               500 West Madison Street, Suite 2450
    davidperlson@quinnemanuel.com                  Chicago, IL 60661
20  QUINN EMANUEL URQUHART & SULLIVAN,             (312) 705-7400
    LLP
21  50 California Street, 22nd Floor
    San Francisco, CA 93111

22    Executed on January 28, 2013 at Redwood Shores, California. I declare under

23  penalty of perjury under the laws of the United States of America that the foregoing is true and

24  correct.

25                                             _____
                                                        Plato Mok
26

27

28

PROOF OF SERVICE                                                    Case No.