QUINN EMANUEL URQUHART & SULLIVAN, LLP
Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600
(415) 875-6700 facsimile

*Attorneys for Respondent Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Movant,<br><br>v.<br><br>GOOGLE INC.,<br><br>Respondent. | Civil Case No. 5:13-MC-80019-LHK-PSG<br><br>**GOOGLE INC.'S OPPOSITION TO APPLE INC.'S MOTION TO COMPEL**<br><br>[Consolidated Civil Action Case Nos. 1:12-cv-23580-RNS and 1:12-cv-20271-RNS U.S.D.C. S.D. Fla.]<br><br>Date: TBD<br>Time: TBD |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

BACKGROUND ........ 1

A. Google Produces Documents in Response to Apple's First Subpoena ........ 1

B. Apple Serves Its Second Subpoena And, After Apple Clarifies Its Vague Descriptions of the Functionality It Accuses of Infringement In the Underlying Action, Google Produces Documents in Response ........ 2

C. Apple and Google Agree to Defer Other Issues Pending Google's Production ........ 3

D. Google Produces Documents and Highly Confidential Source Code ........ 4

E. After Filing Its Motion to Compel, Apple Still Declines to Meet and Confer ........ 4

ARGUMENT ........ 5

I. This Court's Local Rules Bar Apple's Improper Motion ........ 5

A. Apple Utterly Failed to Meet and Confer As Required By The Local Rules ........ 5

B. Apple Also Failed to Meet the Requirements of Local Rule 37-2 ........ 6

II. Google Has Already Agreed to a Reasonable Scope of Discovery ........ 7

A. Google Has Already Produced Documents Regarding Accused Functionality ........ 8

B. Because Google Has Already Produced Documents Regarding the Accused Functionality, Apple's Broader Requests Are Unreasonable To the Extent That They Exceed Google's Agreed Scope of Production ........ 8

C. Even Broader Documents Regarding Google's Investment and Planning ........ 9

III. Apple Should Reimburse Google For Its Cost of Defending This Motion ........ 10

CONCLUSION ........ 11

## TABLE OF AUTHORITIES

**Page**

### Cases

*Allen v. Neighborhood Hous. Servs. Silicon Valley*, No. 5:12-01656-PSG, 2012 WL 5954213 (N.D. Cal. Nov. 28, 2012) ........ 7

*Ambat v. City & County of San Francisco*, No. 3:07-cv-03622-SI, 2009 WL 3401278 (N.D. Cal. Oct. 20, 2009) ........ 5

*Apple Inc. v. Samsung Elecs. Co., Ltd. et al.*, No. 5:12-cv-00630, Docket No. 164 (N.D. Cal. May 7, 2012) ........ 9

*E.E.O.C. v. Lowe's HIW, Inc.*, No. 2:08-cv-00331-JCC, 2009 WL 426599 (W.D. Wash. Feb. 19, 2009) ........ 11

*In Re First Franklin Fin. Corp. Litig.*, No. 5:08-cv-015150-JW, 2010 WL 961649 (N.D. Cal. Mar. 16, 2010) ........ 5

*Hernandez ex rel. Telles-Hernandez v. Sutter Med. Ctr. of Santa Rosa*, No. 4:06-cv-03350-SBA, 2008 WL 2156987 (N.D. Cal. May 20, 2008) ........ 5

*Implicit Networks, Inc. v. Microsoft Corp.*, No. 3:09-cv-01478-SI, 2009 WL 4251146 (N.D. Cal. Nov. 23, 2009) ........ 6

*Intermec Techs. Corp. v. Palm, Inc.*, No. 3:09-mc-80097-WHA (N.D. Cal. May 15, 2009) ........ 10

*Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846 (11th Cir. 1997) ........ 10

*Pierce v. Underwood*, 487 U.S. 552 (1988) ........ 10

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D. Cal. 1995) ........ 7

*Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 3:11-cv-06637-RS, 2012 WL 5637611 (N.D. Cal. Nov. 15, 2012) ........ 7

### Rules

Fed. R. Civ. P. 37 ........ 7, 10, 11

Fed. R. Civ. P. 45(c)(3)(A)(iv) ........ 10

Civil L.R. 1-5(n) ........ 6

Civil L.R. 37-1(a) ........ 5, 6

Civil L.R. 37-2 ........ 7

## INTRODUCTION

Apple's motion to compel suffers from three flaws, each fatal. First, Apple failed to raise with Google any of the deficiencies it now asserts. Tellingly, Apple admits that it communicated by phone with Google only once, about issues unrelated to its motion, and further admits that it did not communicate with Google *at all* after Google produced documents including highly confidential source code in the underlying action. Indeed, although Google's highly confidential source code has been available to Apple for more than two months, Apple has yet to send a *single* reviewer for a *single* day to review the source code it complains about in its motion to compel. Second, Apple's motion does nothing to justify the harsh remedy of compelling discovery on the eight specific requests it asks the Court to enforce. Instead Apple's motion deals only in vague assertions that the discovery it seeks is relevant to its claims – which are sufficient under neither this Court's Rules nor common sense. Third and finally, Apple's requests fail even on their merits, because Google has already agreed to provide and has provided the documents truly relevant to Apple's claims. The Court should therefore deny Apple's motion outright, and should award Google its costs and attorneys' fees in defending against Apple's improper motion.

## BACKGROUND

### A. Google Produces Documents in Response to Apple's First Subpoena

On November 4, 2011, Apple Inc. ("Apple") served non-party Google Inc. ("Google") with its first subpoena seeking documents and testimony in the underlying action. (The "First Subpoena"; Declaration of Lindsay Cooper ("Cooper Decl.") Ex. 1.) In response to the First Subpoena's 24 topics for examination and 26 requests for production, Google produced responsive documents, including gigabytes of highly confidential source code for all its Android builds used on Motorola devices accused by Apple of infringing its patents. (Cooper Decl. Exs. 2-4.) Google also offered witnesses for deposition; Apple took these depositions or declined to proceed with them. (Cooper Decl. Ex. 5.) Apple was evidently satisfied with Google's response to the First Subpoena; it raised no issues with the sufficiency of Google's completed production.

**B. Apple Serves Its Second Subpoena And, After Apple Clarifies Its Vague Descriptions of the Functionality It Accuses of Infringement In the Underlying Action, Google Produces Documents in Response**

On August 27, 2012, Apple served Google with another subpoena (the "Second Subpoena"), including 54 more topics for examination and 63 more document requests. (Declaration of Robert Vlasis, Jan. 28, 2013, Docket No. 2 ("Vlasis Decl.") Ex. A.) On September 10, 2012, Google tendered timely responses and objections to the Second Subpoena. (Vlasis Decl. Ex. B.)

One of Google's concerns with the Second Subpoena was Apple's insufficient identification of the accused functionality regarding which it sought documents and testimony. In many of its requests, Apple employed vague and confusing language to describe the information it sought. For example, Apple requested that Google provide documents regarding:

- "the software classes, components, or services that enable locking or unlocking a touchscreen";
- "any text autocomplete or autocorrect functionality, and the user interface for such functionality, within each version of the Android Platform"; and
- "all process(es) and/or functionality(ies). . . for determining the location of the device, identifying the device, performing searches based on the location of the device, receiving search results including phone numbers, displaying search results, selecting search results, storing results in history data, and invoking a phone call from search results or history data."

(Vlasis Decl. Ex. A, ¶¶ 19, 23, 34.) These requests are not only vague, but also contain disputed claim language, greatly hampering Google's ability to respond. (*See* Vlasis Decl. Ex. J.) Should Google produce documents in response to these requests, Apple could argue that its production constitutes an admission regarding the scope of its patent claims. Google therefore asked Apple to refine these requests and avoid the potential pitfalls of claim language by specifying the functionality that Apple actually accused.

On September 18, 2012, Google and Apple spoke by telephone regarding this issue. (Vlasis Decl. ¶ 5.) Apple and Google agree that this call, on September 18, was the only time they spoke in person or on the telephone regarding the Second Subpoena. (Vlasis Decl. ¶ 5; Cooper Decl. Ex. 6 at 2.) Their discussion was necessarily limited: Google explained that it could not respond to topics that described the accused functionality only vaguely and using claim language,

and asked Apple instead to provide "a description of the features and functionalities that Apple has accused in this case." (Vlasis Decl. Ex. D.) Apple agreed to do so. (Vlasis Decl. ¶ 5.) Apple refined its vague requests (Vlasis Decl. Ex. E), and Google confirmed its "understanding of the functionality accused by Apple in this action:"

| Patent | Accused Functionality |
|---|---|
| 7,657,849<br>8,046,721 | Portions of the "key guard" project not including password unlock, PIN unlock, or face unlock |
| 7,853,891 | Toasts |
| 8,031,050 | Location-based search results in Google Maps including a selectable phone number that the user may call |

| Patent | Accused Functionality |
|---|---|
| 8,074,172 | Text correction in the Android Keyboard, also known as LatinIME |
| 8,099,332 | Application installation through Google Play Store, formerly known as Android Market |

(Vlasis Decl. Ex. G.) Google also confirmed that it had already "begun its process of collecting and reviewing documents for production." (*Id.*)

**C. Apple and Google Agree to Defer Other Issues Pending Google's Production**

In addition to refining Apple's explanation of the accused functionality, Apple's letter of September 28 also purported to restructure the Second Subpoena from its original 63 document requests into 36 never-before-seen "specific documents" requested by Apple. (Vlasis Decl. Ex. E.) In response, Google noted that "[w]e have not completed the exhaustive process of comparing these new topics to the requests in the Subpoena, but many of them seem to broaden the scope of Apple's requests in the Subpoena." (Vlasis Decl. Ex. G.) Rather than waste more time figuring out how Apple's 36 brand new "specific documents" compared to Apple's 63 original document requests, let alone resolve Google's objections to those Requests, Google suggested that both Apple and Google should focus on Google's agreed document production:

> We are happy to meet and confer with you about which of these thirty-six topics fit into which requests in the Subpoena, but we have a better suggestion. Now that we understand the accused functionality, we can proceed to review and produce documents; everyone can save time if we defer any further discussions until that process is complete.

(Vlasis Decl. Ex. G.) Apple agreed. (Vlasis Decl. Ex. H.)

### D. Google Produces Documents and Highly Confidential Source Code

On November 29, 2012, Google produced over 34 gigabytes of source code. (Cooper Decl. Ex. 7.) As it did in response to the First Subpoena, Google produced source code underlying all its Android builds used on Motorola devices accused by Apple in the underlying action of infringing Apple's patents. (*Id.*) Despite the urgency Apple professed in its letters to Google (*e.g.*, Vlasis Decl. Ex. K), Apple sent no one to review Google's source code. Indeed, despite filing a motion to compel, as of today Apple has *still* sent no one to review *any* of the source code Google produced in response to the Second Subpoena.

On December 7, 2012, Google produced non-source code documents in response to the Second Subpoena. (Vlasis Decl. Ex. S.) Google also confirmed that it would "continue to update our production on a rolling basis." (Cooper Decl. Ex. 7.) After Google produced documents on December 7, 2012, Google heard nothing from Apple. Apple did not complain about the sufficiency of Google's December 7 production; it did not ask Google to search for any more documents or types of documents; it did not seek to schedule any review of Google's highly confidential source code; and it did not ask to reopen any of the issues Google and Apple agreed to defer pending Google's production.

### E. After Filing Its Motion to Compel, Apple Still Declines to Meet and Confer

Instead, on January 28, Apple filed its motion to compel. (Docket No. 1.) Although Apple's motion was clearly improper under the Local Rules, Google nonetheless continued to collect and review documents in response to the Second Subpoena. On February 1, 2013, Google produced more documents to Apple. (Cooper Decl. Ex. 8.) Google also confirmed that, despite Apple's improper motion, it was "still actively reviewing documents in response to Apple's Subpoena, and we will continue to update our production on a rolling basis." (*Id.*) Finally, Google invited Apple to engage in an actual, meaningful meet and confer:

> In your recent motion to compel, you asserted for the first time purported deficiencies in Google's prior document production. Although this motion was improper, we will continue to produce documents in response to the Subpoena. Should you believe that the enclosed document production is deficient in any manner, or wish to discuss the deficiencies you purported to assert in your motion, please call me. My direct line is . . .

(*Id.*) Apple has not called Google since filing its motion – indeed, as Apple agrees, it has not

called Google since September 18, 2012. (*Supra* at 2.)

## ARGUMENT

### I. This Court's Local Rules Bar Apple's Improper Motion

#### A. Apple Utterly Failed to Meet and Confer As Required By The Local Rules

This Court "will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Civil L.R. 37-1(a). Apple completely failed to meet this requirement – indeed, Apple did not even try to meet this requirement – and the Court can and should deny Apple's motion for that reason alone.

In this Court, before bringing a motion to compel, counsel must "communicate directly and discuss in good faith the issue(s) required under the particular Rule or order." *Ambat v. City & County of San Francisco*, No. 3:07-cv-03622-SI, 2009 WL 3401278 at *1 (N.D. Cal. Oct. 20, 2009). Critically and sensibly, the Court's rules recognize that counsel cannot meet this requirement solely by exchanging letters:

> The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

*Id*. (quoting Civil L.R. 1-5(n)). Thus, in this Court counsel must actually discuss discovery motions before filing them, and for good reason:

> This requirement is *mandatory.* It requires a reasonable and good faith effort by the parties to meet and confer and resolve their differences, prior to using the resources of this Court and its authority to resolve their dispute. This rule has many benefits and is supported by a number of positive public policies. In particular, it streamlines litigation, allows the parties and the Court to use their time and resources more efficiently, and often facilitates settlement. More importantly, *until the parties meet and confer, they do not know whether they have a genuine dispute* to bring before the Court, tying up its scarce resources. In many cases, it will obviate the need for a motion, altogether. As such, the requirement is not a mere formality. Nor is it a duty the parties may take lightly.

*Hernandez ex rel. Telles-Hernandez v. Sutter Med. Ctr. of Santa Rosa*, No. 4:06-cv-03350-SBA, 2008 WL 2156987 at *6 (N.D. Cal. May 20, 2008) (emphasis in original). When parties fail to meet and confer as required by the Court's local rules, they cannot prevail on discovery motions. *Id.*; *see also, e.g., In Re First Franklin Fin. Corp. Litig.*, No. 5:08-cv-015150-JW, 2010 WL

961649 at *1 (N.D. Cal. Mar. 16, 2010) ("plaintiffs' failure to meet and confer before filing the instant motion is sufficient grounds to deny their motion to compel"); *Implicit Networks, Inc. v. Microsoft Corp.*, No. 3:09-cv-01478-SI, 2009 WL 4251146 at *1 (N.D. Cal. Nov. 23, 2009) ("plaintiff's noncompliance with the meet and confer rule provides sufficient cause to deny this discovery request").

Apple and Google agree on the facts, and the facts establish that Apple did not even approach this Court's standard for meeting and conferring. Apple and Google agree that they had only one telephone discussion regarding the Second Subpoena, on September 18, 2012, and further agree that this call addressed only Google's request that Apple clarify the accused functionality and Apple's agreement to do so. (*Supra* at 2; Vlasis Decl. Ex. G; Vlasis Decl. ¶ 5.) Apple and Google further agree that they mutually decided to defer other issues until after Google completed its document production. (*Supra* at 3.) Finally, Apple and Google agree that before filing its motion to compel, Apple did not complain *at all* about Google's document production of December 7 – by phone, by letter, or in any other way – and did not even send a reviewer to look at Google's highly confidential source code produced on November 29. (*Supra* at 4.) In short, Apple has not, as required by the Local Rules, "previously conferred" with Google "for the purpose of attempting to resolve all disputed issues." Civil L.R. 37-1(a). Indeed, Apple has not conferred with Google for the purpose of resolving *any* disputed issues: Apple and Google conferred on a single issue, the scope of the accused functionality, and reached complete agreement as set forth in Google's letter of October 12. (*Supra* at 3; Vlasis Decl. Ex. G.)

In light of these facts, Apple cannot credibly contend that it satisfied this Court's requirement for "direct dialogue and discussion – either in a face to face meeting or in a telephone conversation" – that occurred "for the purpose of attempting to resolve all disputed issues." Civil L.R. 1-5(n); Civil L.R. 37-1(a). Apple's clear and unexcused violations of the Court's Local Rules are sufficient grounds to deny its motion without proceeding further.

**B. Apple Also Failed to Meet the Requirements of Local Rule 37-2**

Unfortunately for Apple, its failure to follow the Court's Local Rules is not limited to Local Rule 37-1. Apple has also failed to follow Local Rule 37-2, which requires that:

> a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

Civil L.R. 37-2. As with Local Rule 37-1, Apple has not even attempted to fulfill this requirement. Apple's motion lists eight specific requests (nos. 11, 16, 36, 43, 47, 53, 57 and 63), but includes no substantive basis for "the party's contention that it is entitled to the requested discovery." Civil L.R. 37-2. Instead, Apple merely repeats conclusory assertions that "[t]he anticipated discovery would assist Apple in the preparation of its case," or that Apple's requests "concern highly relevant issues" and the "information requested by the Subpoena is unquestionably relevant to Apple's infringement allegations." (Mot. at 2:1-2, 9:12, 7:5-6.) Apple does not provide *any* arguments specific to *any* of the eight requests it seeks to compel – it does not provide any specific arguments *at all*. Thus Apple has flouted not one but two rules of this Court; the Court should deny its motion for this reason as well.

## II. Google Has Already Agreed to a Reasonable Scope of Discovery

Although Apple's failure to honor this Court's Rules is itself sufficient to doom its motion, should the Court proceed to consider the specific requests in Apple's motion, Apple would fare no better. To the contrary, across all eight of Apple's asserted requests, Google has already agreed to produce a reasonable scope of discovery. Where Apple seeks discovery to which Google has not agreed, Apple has failed to show the relevance of the requested information to the claims or defenses in the case. *Allen v. Neighborhood Hous. Servs. Silicon Valley*, No. 5:12-01656-PSG, 2012 WL 5954213 (N.D. Cal. Nov. 28, 2012). "Upon a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3), the moving party has the burden of demonstrating relevance." *Id.* at *2; *see also Vasudevan Software, Inc. v. Microstrategy Inc.*, No. 3:11-cv-06637-RS, 2012 WL 5637611 at *4 (N.D. Cal. Nov. 15, 2012) (denying motion to compel because movant "cannot establish how the requested information is relevant to any issue"); *Soto v. City of Concord,* 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("in general, the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26").

**A. Google Has Already Produced Documents Regarding Accused Functionality**

Apple moves on a single request regarding development of accused functionality:

> 16. Documents and Things sufficient to fully describe the development, use, and implementation of all process(es) and/or functionality(ies) in the Android Platform for locking and unlocking the touchscreen, including but not limited to gesture-to-unlock functionalities.

(Mot. at 4.) Google objected to this request on various grounds (Vlasis Decl. Ex. B) but, as it explained on September 18, was principally concerned with Apple's vague description of the accused functionality. (*Supra* at 2.) Following discussions, Apple and Google agreed that the accused functionality included "[p]ortions of the 'key guard' project not including password unlock, PIN unlock, or face unlock," and Google has produced documents responsive to the request as narrowed by this discussion. (Vlasis Decl. Ex. G.) Principal among this production is Google's 34 gigabytes of highly confidential source code, which Google produced on November 29, 2012, but which Apple has not yet visited. (*Supra* at 4.) Apple complains of Google's failure to produce "stand-alone documents, slides, or spreadsheets that include product/feature proposals, plans and evaluations, meeting minutes and slides, market/consumer studies, testing or other similar responsive subject matter." (Mot. at 9.) Had Apple called Google to meet and confer, as required by the Court's Local Rules, Google would have explained that it was not excluding these types of documents from its production, but would instead produce all documents regarding the accused functionality, including these, should it locate them following its search. In short, there is nothing for the Court to resolve regarding this Request.

**B. Because Google Has Already Produced Documents Regarding the Accused Functionality, Apple's Broader Requests Are Unreasonable To the Extent That They Exceed Google's Agreed Scope of Production**

In addition to requests regarding the accused functionality, Apple has sought to require Google to produce documents in response to these broader requests:

> 11. Any design specifications supplied by Google to Motorola for any hardware or Software aspects of any Motorola Accused Mobile Devices or any Motorola Accused Set-Top Box Devices.

> 43. All Documents or Things comprising, or referring or relating to, comparisons between any feature of Android, or of any Motorola Accused Mobile Device, or any Android-based products, to any iPhone, iPad, iPod Touch, or to the

> iOS operating system, including comparisons relating to the unlocking or text autocorrect or autocomplete features of such devices, the Android Toast class, or the Google Play Store, or Android Market applications.

(Mot. at 4.) Google objected to these much broader requests (Vlasis Decl. Ex. B), and Apple's motion provides no arguments regarding their relevance to its claims. Google has already agreed to produce "Documents and Things sufficient to fully describe the development, use, and implementation" of the accused functionalities, and it will produce any documents responsive to this search, including any "design specifications supplied by Google to Motorola" or any documents regarding "comparisons . . . to any iPhone, iPad, iPod Touch," should any such documents exist. (Vlasis Decl. Ex. G.) Apple cannot show, and has not seriously attempted to show, the relevance of these categories to the extent that they go *beyond* the accused functionality. This failure is fatal to Apple's motion: as this Court recently recognized in another action in which Apple sought to compel discovery regarding Android from Google, "the court can think of no line it could draw, other than one focused on the accused features, that would respect the norms of proportionality applicable under Rule 26." (*Apple Inc. v. Samsung Elecs. Co., Ltd. et al*., No. 5:12-cv-00630, Docket No. 164 at 7:12-14 (N.D. Cal. May 7, 2012).)

**C. Even Broader Documents Regarding Google's Investment and Planning**

Finally, Apple has sought to require Google to produce documents in response to these even broader requests:

> 36. Any studies, analyses, investigations, or inquiries regarding customer demand for or value ascribed to any Android device unlock feature, any Android text autocorrect feature, the Android Toast class, or the Google Maps, Places, Play Store, or Android Market applications.
>
> 47. All documents relating to the revenue generated from or profits or losses associated with the Google Map, Places, and Plus applications, including any documents relating to business strategies, projections, analyses or forecasts relating to revenue or profitability associated with such applications as well as any documents specifically relating to the portions of any revenues, profits, or losses associated with the use of these applications on any Motorola Accused Mobile Device.
>
> 53. Documents and Things sufficient to show the amount of investment that Google has made for the development, use, and implementation of the Android unlock feature, any Android text autocorrect or autocomplete feature, the Android Toast class, or the Google Maps, Places, Plus, Play Store, or Android Market applications.

> 57. All communications with third parties, including but not limited to Motorola (or anyone acting on behalf of Motorola), relating to the purchase, acquisition, negotiation for, and/or value of Motorola Mobility Holdings or any portion or assets thereof.
>
> 63. All communications and documents relating to Google's post-merger plans and strategies for the business, assets, and intellectual property of Motorola and/or Motorola Mobility Holdings.

(Mot. at 4-5.) Again, Google objected to these much broader requests (Vlasis Decl. Ex. B), and again, Apple's motion provides no arguments regarding their relevance to its claims. And for good reason: these claims are not at all relevant to Apple's infringement claim against Motorola, but would be gravely burdensome for Google to collect and produce. Rule 45 protects non-parties, such as Google, from any subpoena subjecting them to "undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). "[N]on-parties should not be burdened in discovery to the same extent as the litigants themselves." *Intermec Techs. Corp. v. Palm, Inc.*, No. 3:09-mc-80097-WHA (N.D. Cal. May 15, 2009). "Requests to non-parties should be narrowly drawn to meet specific needs for information." *Id.* In producing this irrelevant information, Google would release key, secret, strategic discussions to attorneys for a competitor and the architect of a sustained litigation campaign against Android device makers. Apple has offered no arguments to balance this burden, and the Court should quickly deny its motion for this reason.

## III. Apple Should Reimburse Google For Its Cost of Defending This Motion

When Courts deny discovery motions, they must "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

This is a high standard, but Apple's misconduct easily clears this bar. On these facts, to which Apple and Google agree, "reasonable people" cannot "differ as to the appropriateness of the contested action," necessitating Apple's reimbursement of Google's costs and fees. Although the

Court's rules required Apple to confer with Google *on the phone or in person* regarding the issues raised in its motion, Apple admits that its sole attempt to do so did not address any of the issues set forth in its motion. (*Supra* at 2.) Apple's clear and unexcused failure to meet and confer calls for sanctions under Fed. R. Civ. P. 37(a)(5)(B). *See, e.g., E.E.O.C. v. Lowe's HIW, Inc.*, No. 2:08-cv-00331-JCC, 2009 WL 426599 at *4 (W.D. Wash. Feb. 19, 2009). Had Apple proceeded properly, especially because Google "provided at least some of the information that [Apple] sought to compel. . . a conference would likely have borne fruit and could have avoided expense and conserved the Court's time and resources." *E.E.O.C.*, 2009 WL 426599 at *3. Google has expressed its willingness to confer on many occasions (Vlasis Decl. Exs. G, I; Cooper Decl. Exs. 7, 8), but Apple instead wasted the Court's time by filing this motion. The Court should ensure that neither Apple nor any other litigant feels free to flout the Court's rules and squander the Court's resources, by enforcing those rules and sanctioning Apple under Fed. R. Civ. P. 37(a)(5)(B).

## CONCLUSION

For all the foregoing reasons, the Court should deny Apple's motion to compel, and should award Google its costs and attorney's fees under Fed. R. Civ. P. 37(a)(5)(B).

DATED: February 11, 2012 QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s Matthew S. Warren*

Amy H. Candido
amycandido@quinnemanuel.com
Matthew S. Warren
matthewwarren@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600
(415) 875-6700 facsimile

*Attorneys for Respondent Google Inc.*