ANNE M. CAPPELLA (Bar No. 181402)
(anne.cappella@weil.com)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3141
Facsimile: (650) 802-3100

Attorney for Movant
APPLE INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>Movant,<br><br>v.<br><br>GOOGLE INC.,<br><br>Respondent. | Case No. 5:13-MC-80019-LHK-PSG<br><br>**APPLE INC.'S REPLY TO GOOGLE INC.'S OPPOSITION TO THE MOTION TO COMPEL**<br><br>Date: March 19, 2013<br>Time: 10:00 AM |

# TABLE OF CONTENTS


I. **INTRODUCTION** .......... 1

II. **ARGUMENT** .......... 3

A. **Google Has Engaged in a Clear and Unmistakable Pattern of Obstruction and Delay in Cooperating With Discovery** .......... 3

1. *Google Has Imposed Recurrent Delays on the Discovery Process, Unilaterally Ignored the Production Deadlines, and Waived Its Right to Assert Local Rule 37-1(a)* .......... 3

2. *Google Continues to Unjustifiably Withhold Documents Responsive to the Subpoena* .......... 5

B. **Google's Established Pattern of Obstruction and Delay Necessitates Judicial Relief So That the Parties Can Proceed With Discovery in An Efficient and Productive Manner** .......... 6

C. **Apple Respectfully Submits that the Local Rules Should Not Bar Relief in Light of the Unique Circumstances of This Motion** .......... 7

1. *Apple Conferred With Google in Good-Faith to Address the Issues Presented in Apple's Motion and to Avoid Court Intervention* .......... 7

2. *Local Rule 37-2 Is Inapplicable* .......... 8

D. **Google Incorrectly Suggests that Apple Limited Its Subpoena to Just Eight Document Requests** .......... 10

E. **The Court Should Deny Google's Request For Costs and Sanctions** .......... 11

III. **CONCLUSION** .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Angel v. N. Coast Couriers*, 2012 U.S. Dist. LEXIS 13780 (N.D. Cal. Feb. 1, 2012) ....... 11

*Apple Inc. et al. v. Motorola, Inc. et al.*, No. 1:11-cv-08540 at 1 (N.D. Ill. Feb. 21, 2012) (attached to Apple's Opening Brief as Exh. 2) ....... 13

*Apple Inc. et al. v. Motorola, Inc. et al.*, No. 1:11-cv-08540 at 1 (N.D. Ill. Mar. 5, 2012) ....... 13

*Apple Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 62947 (N.D. Cal. May 4, 2012) ....... 13

*Crawford v. Melzer*, 2011 U.S. Dist. LEXIS 34912 (N.D. Cal. Mar. 23, 2011) ....... 13

*Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006) ....... 6

*Hernandez ex rel. Telles-Hernandez v. Sutter Med. Ctr. Of Santa Rosa*, No. 4:06-cv-03350-SBA, 2008 WL 2156987 (N.D. Cal. May 20, 2008) ....... 8

*Lantiq Deutschland Gmbh v. Ralink Tech. Corp. et al.*, 2012 U.S. Dist. LEXIS 184367 ....... 8, 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 37 ....... 12

FED. R. CIV. P. 45 ....... 6

Federal Rule of Civil Procedure 37(a)(5)(B) ....... 11

Local Rule 7-2 ....... 9

Local Rule 7-8 ....... 12

Local Rule 37-1 ....... 7, 8, 9

Local Rule 37-1(a) ....... 3, 4, 5

Local Rule 37-2 ....... 8, 9

Local Rule 37-4 ....... 1, 12, 13

## I. INTRODUCTION

Approximately six months after receiving Apple's subpoena, Google does not dispute that it has yet to produce all of its responsive documents or that it had barely begun doing so by the time that Apple filed its motion, even though Google had repeatedly promised to produce those documents much earlier. Moreover, Google belatedly acknowledges in its opposition that it never intended to produce multiple categories of clearly relevant documents despite its earlier promises. Rather than address the merits of Apple's motion, Google attempts to divert attention from its failure to comply with its discovery obligations by accusing Apple of misconduct and requesting sanctions, which are unwarranted. Apple has committed no misconduct and no sanctions are appropriate here; instead, if anything, it is Google that has failed to comply with the requirements of Local Rule 37-4 concerning requests for sanctions.

Google's substantive excuses for not cooperating in discovery likewise fall short. For example, Google complains that Apple's descriptions of the accused functionality were "vague." *See* Google Br. at 2. But Google fails to acknowledge it repeatedly promised to produce responsive documents but failed to do so. And Google fails to acknowledge that Apple placed Google on notice that after its repeated failures to abide by its promises that it would be forced to seek judicial relief if Google failed to comply with its latest promise.

Google's complaints are particularly misguided given that in agreeing to buy Motorola it specified that it would control the underlying litigation even before that acquisition became final. *See, e.g.*, Agreement of Plan of Merger By and Among Google Inc., RB98 Inc. and Motorola Mobility Holdings, Inc. at § 5.01(v) (Form 8-K, Ex-2.1) (Aug. 15, 2011) (attached hereto as Vlasis Reply Decl. Exh. A). Indeed, both Google and Motorola are represented by the same firm. Google therefore cannot credibly claim that it did not understand what was at issue in the underlying litigation. These specious claims instead confirm Google's intent to delay compliance with its discovery obligations as long as possible. Likewise, Google's latest assertions in no way explain why Google failed to provide any documents relating to its sale of the set top box business.

Equally misplaced is Google's assertion that Apple sent no one to review Google's source

code. *See* Google Br. at 4. As Google well knows, Google delayed until nearly a month *after* the exchange of infringement contentions to produce any of its source code. *Compare* Cooper Decl. Exh. 7 *with* Vlasis Reply Decl. Exh. B (setting forth procedural schedule). Thus, by the time Google finally provided source code, it was too late for Apple to inspect for use in Apple's infringement contentions. It was clear from Google's notice of source code production alone that Google had not complied with its source code production obligations, and on that basis (among others) Apple filed its motion. Notwithstanding, Apple has inspected Google's source code and has confirmed that it remains deficient. Vlasis Reply Decl. Exh. C (notice of source code inspection). For example, Apple was unable to find various Android builds, in spite of Google's representation that they had been produced. *See* Cooper Decl. Exh. 7. Moreover, Apple was unable to locate the Google applications that are not included with the open-source Android code or provided to Motorola, such as Google Maps, Google Play, and Android Market, among others, all of which are accused functions. Thus, far from producing "all its Android builds used on Motorola devices accused by Apple," Google's source code production remains deficient.

The distinction between Google's undeniable failure to comply with Apple's subpoena and the other distractions that Google tries to insert into this motion is critical. Indeed, Google chiefly focuses on a lack of phone calls—phone calls that *Google* deferred—and cites to inapplicable discovery rules to raise a procedural shield in an attempt to insulate itself and distract the Court from the real problem at hand. But as explained below, phone calls are only one form of meet-and-confers and the events in the half-year since Apple issued the Subpoena to Google have rendered this dispute assuredly ripe for adjudication.

## II. ARGUMENT

### A. Google Has Engaged in a Clear and Unmistakable Pattern of Obstruction and Delay in Cooperating With Discovery

#### 1. *Google Has Imposed Recurrent Delays on the Discovery Process, Unilaterally Ignored the Production Deadlines, and Waived Its Right to Assert Local Rule 37-1(a)*

In its opposition, Google glosses over the comprehensive record of Google's persistent delays and failure to comply with the subpoena, set forth in Apple's opening brief. Importantly, Google asserts as its primary defense Local Rule 37-1(a), but Google disputes neither that the parties met and conferred telephonically or that the parties continued to communicate in writing at Google's request. Specifically, Apple and Google met and conferred telephonically on September 18, 2012, to remedy the problems holding up Google's production of documents. During that meet-and-confer, Google requested that instead of discussing Google's one hundred and five specific objections to Apple's subpoena, Apple should provide Google with further detail about the accused features in the underlying litigation with its subsidiary company, Motorola Mobility, LLC.[1] *See* Vlasis Decl. ¶ 5. Accordingly, on September 28, 2012, Apple complied by providing Google with the requested information and, in an effort to speed the process along, with 36 examples of documents sought by the subpoena. *See* Vlasis Decl. Exh. E. Following the telephonic meet-and-confer and Apple's September 28 letter, Google twice again requested to defer the meet-and-confer process: "We are happy to meet and confer with you about which of these thirty-six topics fit into which requests in the Subpoena, ***but we have a better suggestion***. Now that we understand the accused functionality, we can proceed to review and produce documents; ***everyone can save time if we defer any further discussions*** until that process is complete." *See* Vlasis Decl. Exh. G; *see also* Vlasis Exh. I. ("I disagree with the remaining points in your email of October 18, but I believe our production will moot any dispute, so it seems best to defer that conversation until we have the context of specific documents."). Thus, it was Google that wished to handle the meet-and-confer process through

[1] It bears emphasis again that aside from being the parent company of the party in the underlying litigation—*i.e.*, Motorola—Google is represented by the same law firm of Quinn Emanuel Urquhart & Sullivan LLP.

letters and emails rather than telephonic meet-and-confers. That Google would now complain of Apple's alleged failure to discuss Google's deficiencies by phone is an unmistakable abuse of the discovery process by Google. Indeed, Google cannot be heard to assert Rule 37-1(a) when time-and-again Google requested that the conferences be done in writing.

Despite Apple's efforts, Google still failed to produce *any* documents after the parties had met-and-conferred telephonically and exchanged correspondence on Google's discovery deficiencies. Indeed, having received no response to Apple's September 28 letter and no responsive documents, Apple contacted Google again on October 8, 2012, to obtain relevant information for its infringement contentions against Motorola, due within a month. *See* Vlasis Decl. Exh. F. Google responded on October 12 stating that it had begun collecting and reviewing documents for production. *See* Vlasis Decl. Exh. G.

Given Google's agreement to produce documents, Apple again reached out to Google on October 18 to emphasize the upcoming date for the exchange of infringement contentions with Motorola and, accordingly, to provide Google with a deadline of November 1 to begin making substantial document productions. *See* Vlasis Decl. Exh. I. Google failed to produce any documents by November 1 or by the date to exchange infringement contentions and did not advise Apple about its failure, so Apple contacted Google yet again on November 19, extending the deadline for production to November 30. *See* Vlasis Decl. Exh. K. In that November 19 correspondence, Apple explicitly put Google on notice of Apple's intention to seek judicial relief: "If we do not receive substantial document productions from Google by November 30, *then we will have no choice but to seek judicial relief*." *Id.* (emphasis added).

At no time during this process did Google request a further meet-and-confer, indicate any refusal to comply with Apple's subpoena, or explain its failure to meet deadlines. To the contrary, Google requested to defer any meet-and-confers and assured Apple that its compliance was forthcoming. But after nearly three months of Apple pushing Google to produce documents, Google for the first time claimed that it could not comply with the subpoena until the Court entered a supplemental protective order. *See* Vlasis Decl. Exh. L. Apple agreed to Google's proposed

changes to the Protective Order to avoid further delay in Google's production. But, other than providing the source code for only eight of the at least sixty-four Android builds (*see* Vlasis Reply Decl. Exh. D, *available at*: source.android.com/source/build-numbers.html), Google failed to produce any documents by the requested November 30 deadline. *See* Vlasis Decl. Exhs. M, O, Q. At this point, Apple had reached out to Google multiple times since the subpoena was served, extended the production deadline twice, missed contention deadlines, and put Google on notice of its intent to seek judicial relief if substantial document productions responsive to the subpoena did not begin. Also by this point, Google had *three times* stated its request to defer any meet-and-confers, thereby waiving its right to assert Rule 37-1(a) as its defense.

2. *Google Continues to Unjustifiably Withhold Documents Responsive to the Subpoena*

Despite lack of assurances that Google would produce documents, Apple again reached out to Google on December 3 to extend the deadline to "commence *meaningful* document productions" for a third time to "5 PM eastern on Friday, December 7." *See* Vlasis Decl. Exh. R (emphasis added). On December 7, Google finally notified Apple that it was shipping a document production. Vlasis Decl. Exh. S. But, instead of providing any meaningful documents, Apple received a meager collection of some 350 documents consisting almost entirely of emails among Google technicians mostly on the topic of software bugs. A significant chunk of these emails were essentially copies of each other, and at least one email was reproduced throughout roughly a sixth of that production. Hardly responsive to many of Apple's document requests, and completely unresponsive to half of them, Google's tardy and scant production indicated to Apple Google's outright refusal to cooperate in discovery after months of meet-and-confers, thereby necessitating Apple's motion.

Google is a major corporation that has been involved in a multitude of litigations and is represented by sophisticated counsel. Yet, it took Google over three months to produce a handful of redundant emails in response to a subpoena concerning a litigation with its subsidiary company. Apple understands that discovery is an iterative process, but at the current rate Google cannot complete its document productions before the July 5 close of discovery in the underlying litigation.

Apple should not have to wait until the end of discovery for relevant discovery from Motorola's parent company. In fact, an additional two months passed before Google provided its second piecemeal production, and even then it was only under the shadow of a pending motion. Unfortunately, this production also does not signal a change in Google's behavior. Instead, it suffers from the same deficiency: a collection of mostly repetitive emails about software bugs.[2]

Parties have independent discovery obligations to produce documents that they believe are relevant and responsive, but Google has utterly failed to do so. *See* FED. R. CIV. P. 45 advisory committee's note (1970) ("… the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006). In its Opposition Brief, Google concedes that a large variety of documents related to the accused functionalities such as, at least, "stand-alone documents, slides, or spreadsheets that include product/feature proposals, plans and evaluations, meeting minutes and slides, market/consumer studies, testing or other similar responsive subject matter" are responsive to the Subpoena and that they can be produced should they be located after a search. Google Br. at 8. Apple has not located virtually ***any*** of these documents, and it seems that Google has not attempted to look for them despite its recognition of their responsiveness.

**B. Google's Established Pattern of Obstruction and Delay Necessitates Judicial Relief So That the Parties Can Proceed With Discovery in An Efficient and Productive Manner**

By the time this motion is heard, six months will have passed since Apple served Google with the duly issued subpoena from this Court. In that time period, Apple has contacted Google repeatedly in an attempt to encourage Google to produce the responsive documents requested. Unfortunately, Apple has been largely unsuccessful in this pursuit. Google has disregarded

[2] Google provided Apple with notice of a third document production at the close of business on Friday, February 15, but Apple did not actually receive Google's production until the same day the instant reply brief was due, February 19. Apple contacted Google's counsel on February 19 by phone and by email to discuss the contents of this production, but Google's counsel was unavailable as of 9:30 PM Eastern time. Apple is therefore presently unable to assess the adequacy of Google's most recent production, received nearly six months after Apple served its subpoena and over three weeks after Apple moved to compel.

numerous deadlines for the production of these materials and has only capitulated under the threat of a motion to compel, by providing meager document productions. Google's unwillingness to do more as is required by its independent discovery obligations is clearly evident from its own admissions in its Opposition Brief and communications from its counsel. This bad faith conduct is inexcusable and warrants an order compelling Google to complete its productions immediately so that Apple has adequate time to address any further deficiencies in those productions before the close of discovery. *See, e.g.*, Google Br. at 8-10 (indicating Google's flat refusal to produce certain categories of highly relevant and responsive documents).

**C. Apple Respectfully Submits that the Local Rules Should Not Bar Relief in Light of the Unique Circumstances of This Motion**

1. *Apple Conferred With Google in Good-Faith to Address the Issues Presented in Apple's Motion and to Avoid Court Intervention*

Apple has made multiple good-faith attempts to resolve the problems that Apple's motion seeks to correct. Apple repeatedly contacted Google to address Google's ongoing noncompliance with the Subpoena, granted it several extensions to production deadlines, and specifically placed Google on notice of Apple's intention to seek judicial relief if meaningful document productions were not made by these deadlines. These efforts were undertaken to avoid the Court's involvement, but Google's continued failure to abide by its promises regarding document production necessitated Apple's motion. Moreover, Google twice expressed its preference to avoid phone calls to address the discovery issues, so Google cannot now claim that Apple should have called instead of writing to address Google's noncompliance with the subpoena. *See* Vlasis Decl. Exhs. G, I. Google's claim that it would have provided certain relevant and responsive documents if Apple had simply asked falls flat—nothing stopped Google from producing documents. *See* Vlasis Decl. Exh. G (dismissing Apple's requests for thirty-six specific types of documents).

Apple's efforts conform with both the letter and spirit of Local Rule 37-1. Apple met and conferred telephonically with Google and after Google voiced a preference for other forms of communication regarding the matter, Apple cooperated and continued in the manner requested by

Google. A quotation from an opinion cited in Google's Opposition Brief is instructive:

> This rule has many benefits and is supported by a number of positive public policies. In particular, it streamlines litigation, allows the parties and the Court to use their time and resources more efficiently, and often facilities settlement. More importantly, until the parties meet and confer, they do not know whether they have a genuine dispute to bring before the Court, tying up its scarce resources. In many cases, it will obviate the need for a motion, altogether. As such, the requirement is not a mere formality. Nor is it a duty the parties may take lightly.

*Hernandez ex rel. Telles-Hernandez v. Sutter Med. Ctr. Of Santa Rosa*, No. 4:06-cv-03350-SBA, 2008 WL 2156987 at *6 (N.D. Cal. May 20, 2008). Here, the parties repeatedly conferred on the matter such that Google was aware of both what Apple sought and by when. Indeed, Apple accommodated earlier failures of Google to abide by its promises and placed Google on notice that any further failure of Google to abide by its promises would be met by a request to the Court for relief. Throughout this process (and earlier discovery disputes) Google demonstrated its inability to timely comply with discovery without judicial intervention. The process of continuing to give Google deadlines to produce documents and then Google ignoring those deadlines (or providing severely limited and incremental document productions) is neither efficient nor streamlined. Further, Google's conduct demonstrates that the persistence of this form of obstruction (*i.e.*, not timely reviewing and producing responsive documents) does not yield to additional pleas to fulfill its obligations.

Given the circumstances necessitating this motion, Apple's good-faith efforts to resolve the current dispute in an orderly fashion, and Apple's compliance with the spirit of the discovery rules, Apple respectfully asks that the Court deny Google's attempt to use Local Rule 37-1 as a shield to protect Google from complying with Apple's subpoena. *See, e.g., Lantiq Deutschland Gmbh v. Ralink Tech. Corp.*, et al. Case No. 11-cv-00234-EJD (PSG), 2012 U.S. Dist. LEXIS 184367 at *4-5 (Apr. 25, 2012) (easing strict conformance with L.R. 37-1 and granting movant's discovery motion).

2. *Local Rule 37-2 Is Inapplicable*

As another attempt to avoid complying with the subpoena through alleged procedural violations, Google asserts that Apple also failed to comply with Local Rule 37-2. That rule states:

> In addition to complying with applicable provisions of Civil L.R. 7, a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied.

Civil L.R. 37-2. Apple's motion does not fit within the parameters of a motion that this rule addresses. First, Apple's motion does not seek "further responses to discovery requests" but instead seeks the production of documents and source code that Google is withholding. *See, e.g., supra* II.A.2. Second, because of the nature of the current dispute, there is no need for Apple to demonstrate it is entitled to the requested discovery under Rule 26. As stated in Apple's opening brief and as admitted in Google's opposition, those issues were not even in dispute when this motion was filed. Indeed, Google specifically requested that all manner of discussion about objections to document requests be deferred until the completion of Google's production, which, as evidenced by Apple's motion, has not yet occurred. *See* Vlasis Decl. Exh. G.

Finally, the present motion does not concern one or a few document requests; it instead concerns Google's noncompliance with the subpoena in its entirety. Requiring Apple to address the "substantive basis" for each request in Apple's subpoena would undoubtedly push the page limits required by Local Rule 7-2. Accordingly, in the spirit of pragmatism and economy, Apple attached to the motion all of the subpoena requests and all of Google's objections and provided eight examples of such requests in the opening brief. *See* Vlasis Decl. Exhs. A, B.

Applying Local Rule 37-2 concerning discovery responses to Apple's motion requesting document productions—as Google suggests—would contravene the purposes of the Court's local rules, which strive for order, economy and efficiency. Civil L.R. 1-2. Indeed, if L.R. 37-2 always applied to motions like the one at issue, parties could simply assert boilerplate objections, promise to produce responsive documents, and delay their productions, thereby forcing the requesting party to state in its motion each and every reason why it is entitled to every document it seeks from across all document categories. This cannot be the efficient system of discovery the local rules actually promote and encourage. *See Lantiq Deutschland Gmbh*, 2012 U.S. Dist. LEXIS 184367 at *4-5

(easing strict conformance with L.R. 37-1 and granting movant's discovery motion).

### D. Google Incorrectly Suggests that Apple Limited Its Subpoena to Just Eight Document Requests

Google's arguments in Section II of its brief regarding the discovery it agreed to produce are based on the apparent misunderstanding that Apple is moving to compel documents responsive to requests 11, 16, 36, 43, 47, 53, 57 and 63 only. This is incorrect. Those document requests were referenced as examples in Apple's opening brief so that the Court could have an understanding of the general nature of the information sought by the subpoena. The motion is devoid of any implication to the contrary. Since October, Google has never indicated that it was withholding documents responsive to the other requests. Rather, Google stated in its October 12 letter that it understood the accused features in the underlying litigation and would begin producing documents responsive to the subpoena. Vlasis Decl. Exhs. G, I. The fact that Google has neglected this duty by not promptly conducting reasonable searches of relevant materials responsive to the subpoena and producing them in a timely manner is the basis of Apple's motion.

Google's arguments confirm Google's backward view of its discovery obligations. For example, Google indicates that it has agreed to produce responsive documents concerning categories 11 and 43, which are at least relevant to Apple's infringement case. Google Br. at 8-9. But many of these responsive documents are clearly missing and Apple has not located any documents at all responsive to category 43.

Similarly, with regard to "stand-alone documents, slides, or spreadsheets that include product/feature proposals, plans and evaluations, meeting minutes and slides, market/consumer studies, testing or other similar responsive matter," Google states, "[h]ad Apple called Google … Google would have explained that it was not excluding these types of documents from its production, but would instead produce all relevant documents regarding the accused functionality … should it locate them following its search." Google Br. at 8. Apple has received virtually *none* of these documents and should not have to repeatedly call Google, guessing whether Google believed it has complied or prodding its lawyers to produce documents they already agree are relevant and

responsive. Indeed, when Apple had attempted to contact Google in the past, by providing Google with thirty-six specific types of documents that Apple was seeking, Google dismissed Apple's request as a waste of time. *See* Vlasis Decl. Exh. G.

Finally, Google has now, for the first time since serving its original boilerplate objections to the subpoena on September 12, 2012, communicated its flat refusal to produce relevant documents responsive to the subpoena. Google Br. at 8-10. This comes as a surprise to Apple since many of these documents are clearly relevant to Apple's damages case. For instance, information concerning customer demand for, commercial success of, and costs associated with the accused features are highly relevant considerations to determine the royalty rate in a hypothetical negotiation. Additionally, documents concerning Google's acquisition of Motorola and its eventual planned sell-off of Motorola's set-top box business will provide critical information about the value Google puts on the accused Motorola products. Also, documents showing any comparisons between Android software features and Apple's iPhone, iPad or iPod Touch would at least be relevant to copying, even if such documents do not specifically address accused features but still evidence an effort to mimic Apple's products or offer competitive features. Further, Apple understood Google's October 12th and 25th letters to mean that Google would produce all relevant documents. Because Google is now apparently refusing to do so, the Court should compel Google to immediately comply with the subpoena by completing its document production without delay so that the parties can begin addressing these issues before more key deadlines such as claim construction and the close of discovery approach.

**E. The Court Should Deny Google's Request For Costs and Sanctions**

Apple respectfully submits that this Court should deny Google's very serious and unjustified request for reimbursement of costs and sanctions under Federal Rule of Civil Procedure 37(a)(5)(B). The Rule states that the Court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B); *Angel v. N. Coast Couriers*, 2012 U.S. Dist. LEXIS 13780 (N.D. Cal. Feb. 1, 2012) (denying defendant's motion for sanctions and costs for defending against motion to compel). For the reasons stated above,

Apple's motion is substantially justified "because reasonable people could differ as to the appropriateness of the contested action." Even Google admits that "[t]his is a high standard" to meet, and Google's persistence in refusing to cooperate in discovery and then turning the blame on Apple for failing to call Google after months of Google's non-compliance and silence is untenable. Indeed, Google had several months to comply with Apple's subpoena but refused to do so. Apple attempted to meet-and-confer with Google, but Google wanted instead to address the dispute through letters and emails. Shortly thereafter, Google twice stated in writing that it wished to defer any further meet-and-confers, and Google even admits now that it is still withholding documents across numerous categories in Apple's subpoena. Google's source code production is likewise deficient. Google declined to meet-and-confer in good faith with Apple and now requests sanctions for Apple not calling Google. But all Google provided was a scant collection of emails discussing software bugs, claiming that this satisfies its obligations under the subpoena. Thus, an award of expenses compensating Google for defending this motion would be unjust. Apple engaged for months in good-faith efforts to obtain the requested discovery in a timely manner and without the Court's intervention. But Google's conduct left Apple with no choice but to seek judicial relief.

The Court should also deny Google's request for sanctions for its failure to conform to this Court's local rules. First, Google has not formally moved for sanctions. Local Rule 7-8 clearly states that "[a]ny motion for sanctions, regardless of the sources of authority invoked" "must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2 …." Civil L.R. 7-8. Google has not filed a separate motion and notice of hearing, but instead merely requests this Court to impose sanctions in its Opposition Brief. Second, Google has not provided this Court with the formal declarations required by the local rules or specified with particularity the relief it seeks. Local Rule 37-4 clearly states that "when a party moves for an award of attorney fees or other form of sanction under Fed. R. Civ. P. 37, the motion must":

> "[b]e accompanied by competent declarations which: (1) Set forth the facts and circumstances that support the motion; (2) Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court; and (3) If attorney fees or other costs or expenses are requested, *itemize with particularity the otherwise unnecessary expenses, including attorney fees, directly caused by the alleged violation or breach, and set forth an appropriate justification for any attorney-fee hourly rate claimed*."

Civil L.R. 37-4 (emphasis added). The declaration accompanying Google's Opposition Brief does not meet any of these requirements. *See* Cooper Decl. Rather, that declaration merely authenticated documents concerning an earlier subpoena issued to Google and not at issue here, and three other communications between counsel for Apple and Google about the subpoena-at-issue, two of which took place after this motion was filed. *See id.* at ¶¶ 2-9. The Court should appropriately deny Google's informal request for sanctions on this ground alone. *See Crawford v. Melzer*, 2011 U.S. Dist. LEXIS 34912, 7-8 (N.D. Cal. Mar. 23, 2011) (denying motion for sanctions in part because party requesting sanctions did not submit a declaration conforming to L.R. 37-4).

Further, Google's disregard for this Court's subpoena power, as well as other jurisdictions, is a display of its systematic bad faith and dilatory practices in participating in discovery. *See, e.g.*, *Apple Inc. et al. v. Motorola, Inc. et al.*, No. 1:11-cv-08540 at 1 (N.D. Ill. Feb. 21, 2012) ("Motorola shall be expected to obtain full and immediate compliance by Google with Apple's liability discovery demands.") (attached to Apple's Opening Brief as Exh. 2); *Apple Inc. et al. v. Motorola, Inc. et al.*, No. 1:11-cv-08540 at 1 (N.D. Ill. Mar. 5, 2012)] (granting Apple's motion to compel Google discovery) (attached to Apple's Opening Brief as Exh. 3); *Apple Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 62947 (N.D. Cal. May 4, 2012) (granting-in-part motion to compel Google's compliance with a subpoena). Google should not be rewarded for such repeated conduct, especially as the parent company of the party instituting the underlying litigation in Florida, with an award of its attorneys' fees in resisting discovery.

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court grant Apple's Motion to Compel Compliance with a Subpoena by ordering Google to immediately produce all relevant documents responsive to the Subpoena.

Dated: February 19, 2013

Respectfully submitted,

/s/ *Anne M. Cappella*

ANNE M. CAPPELLA (Bar No. 181402)
(anne.cappella@weil.com)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway

Redwood Shores, CA 94065
Telephone: (650) 802-3141
Facsimile: (650) 802-3100

*Of Counsel:*

Mark G. Davis
(mark.davis@weil.com)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Kenneth H. Bridges
(kbridges@bridgesmav.com)
Michael T. Pieja
(mpieja@bridgesmav.com)
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real, 2nd Floor
Palo Alto, CA 94306
Telephone: (650) 804-7800
Facsimile: (650) 852-9224

Matthew D. Powers
(Matthew.Powers@tensegritylawgroup.com)
Steven Cherensky
(Steven.Cherensky@tensegritylawgroup.com)
TENSEGRITY LAW GROUP LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Facsimile: (650) 802-6001

***Attorneys for Apple Inc.***

**PROOF OF SERVICE**

I HEREBY CERTIFY that on this 19th day of February, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**APPLE INC.'S REPLY TO GOOGLE INC.'S OPPOSITION TO THE MOTION TO COMPEL**

| Via Electronic Mail | Via CM/ECF: |
| --- | --- |
| Edward M. Mullins<br>emullins@astidavis.com<br>ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.<br>701 Brickell Avenue, 16th Floor<br>Miami, FL 33131<br><br>Raymond N. Nimrod<br>raynimrod@quinnemanuel.com<br>Edward J. DeFranco<br>eddefranco@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br><br>David A. Nelson<br>davenelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>500 West Madison Street, Suite 2450<br>Chicago, IL 60661<br>(312) 705-7400 | Matthew S. Warren<br>matthewwarren@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 93111 |

Executed on February 19, 2013 at Redwood Shores, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Colleen Sphar*
Colleen Sphar